**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| INFUSAID LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-2243-CM |
| | ) |
| INFUSYSTEM INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court upon Plaintiff InfusAID LLC's Motion to Compel the Production of Documents by Defendant InfuSystem Inc. (ECF No. 29). Plaintiff seeks a court order compelling defendant to produce documents responsive to its First and Second Requests for Production. For the reasons stated below, the motion is denied as moot as to First Request Nos. 1-5 and Second Request Nos. 1-2; denied without prejudice to refiling as to First Request Nos. 9 and 11-13; and denied as to all other requests.

**I.   Background**

The claims in this case arise from the alleged breach of an Asset Purchase Agreement (APA) whereby defendant acquired plaintiff's business, namely the service of providing ambulatory infusion pumps and related billing services. The parties entered into the APA on March 16, 2016, with closing on the APA occurring on July 1, 2017. Plaintiff asserts defendant breached the APA by (1) failing to pay Plaintiff for receivables related to patient treatments through the closing date as required by the APA; (2) failing to fully compensate Plaintiff for a number of Plaintiff's infusion pumps in Defendant's possession; (3) failing to reasonably cooperate in the transition of accounts to Defendant; and (4) failing to pay for certain accounts conveyed to Defendant. Plaintiff also asserts a claim for unjust enrichment.

Plaintiff served its first and second requests for the production of documents in October 2017. The parties agreed that defendant would respond to both sets of discovery requests by November 17, 2017. As plaintiff explains, defendant produced no documents, objected to the majority of the requests, and stated it would need additional time to produce some responsive material to which it had no objection to producing.

Defendant's response brief, however, provides additional context. According to defendant, information responsive to the requests for production is stored electronically. The parties had discussed production of electronically stored information (ESI) during their planning conference and determined that defendant would first produce summary reports of ESI rather than underlying granular data fields. However, defendant would produce the underlying granular data on a case-by-case basis if plaintiff required additional information. Plaintiff disputes this account, stating that these discussions never took place and that no agreement existed. Defendant states it had been providing summary reports upon request to plaintiff for months and that there was never a dispute regarding the summaries until settlement negotiations stalled. Plaintiff contends that defendant had produced only two summary reports but updated one with revised information. Defendant contends that it can produce the ESI to which it has no objection to producing but that because of the large volume of information, the task cannot be completed until January 12, 2018. As for the remainder of the document production requests, defendant asserts that they are overly broad and encompass irrelevant information.

**II.    Discussion**

Before considering the merits of a motion to compel, the court must determine whether the moving party has satisfied the procedural conference requirement. Both the Federal Rules of Civil Procedure and this district's local rules require a moving party to confer in good faith with

the opposing party about a discovery dispute prior to filing a motion to compel.[1] A party does not comply with the requirement "simply by requesting or demanding compliance with the requests for discovery."[2] Instead, the parties must "make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention."[3] That did not happen here.

Reviewing the correspondence between counsel regarding this discovery dispute, plaintiff did little more than demand full compliance with the discovery requests, initially giving defendant a week to fully respond to the requests before plaintiff would file a motion to compel.[4] In a subsequent letter, plaintiff's counsel addressed responses to the requests for production that state that that defendant would produce responsive documents at a time and place mutually agreeable to the parties and their attorneys. The letter states, "That time has arrived and is either today [November 24, 2017] or Monday, November 27, 2017."[5] The letter goes on to inform defense counsel that if defendant does not produce or make the information available by that date, plaintiff would move to compel.

While defendant's correspondence sets forth the reasons for requiring additional time to gather ESI and states that it could produce responsive information by January 12, 2018, plaintiff

---

[1] *See* Fed. R. Civ. P. 37(a)(1); D. Kan. Rule 37.2.

[2] *Contracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 456, 459 (D. Kan. 1999).

[3] *Id.*

[4] *See* Letter from plaintiff's counsel to defense counsel, ECF No. 30-5

[5] *See* Letter from plaintiff's counsel to defense counsel, ECF No. 30-7.

decided to instead move to compel responsive information that defendant has already agreed to produce. Plaintiff does not challenge the reasons for the additional time required for production. Plaintiff just believes it should have happened sooner. Notably, plaintiff's motion was not fully briefed until December 27, 2017, and the court was not able to render a decision on the matter until now. This type of motion practice is not a model of efficiency. Instead of filing a motion regarding issues to which there is a genuine dispute—and there are some—plaintiff has moved to compel responses to every single document production request on two separate set of requests. The court has expended time and resources evaluating requests for production to which defendant simply required additional time to respond for what appear to be valid reasons. At a minimum, plaintiff has not complied with the spirit of the rules requiring a moving party to meaningfully confer before filing a motion to compel. In its discretion, the court will evaluate the merits of the motion to avoid further delay.

Fed. R. Civ. P. 26(b)(1) defines the scope of discovery as nonprivileged matters that are relevant to any party's claim or defense and proportional to the needs to of the case. When a party fails to make disclosure or produce discovery, the opposing party may file a motion to compel. When a party files a motion to compel that asks the court to overrule certain objections, the objecting party must specifically show in its response to the motion how each discovery request is objectionable.[6] However, if the discovery requests appear facially objectionable, the movant bears the burden to demonstrate how the request is not objectionable.[7]

### A. First Request for Production Nos. 1-5 and Second Request for Production Nos. 1-2

---

[6] *Sonnino v. Univ. Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[7] *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center of Haverstraw, Inc.*, 211 F.R.D. 658, 663 (D. Kan. 2003) (citing *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 442, 445 (D. Kan. 2000)).

4

Defendant states that it is working diligently to produce documents responsive to these requests by January 12, 2018. The reasons for the additional time required appear reasonable. In its reply brief, plaintiff asks the court to order defendant to produce documents on a rolling basis as set forth in the scheduling order. The court expects all parties to comply with the cooperation agreements set out in the scheduling order. If responsive documents are available to be produced earlier, the court expects defendant to produce them at that time. However, there is no information before the court demonstrating that defendant has failed to comply with this requirement.

### B. First Request for Production Nos. 6-8

These document production requests seek documents regarding defendant's evaluation of the pumps, including internal communication and communication between plaintiff and defendant regarding the pumps.[8] Defendant asserts a relevance objection to each of these requests.

Fed. R. Civ. P. 26(b) defines the scope of discovery. Under the rule, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."[9] Although considerations of relevance and proportionality govern the scope of discovery, "[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could bear on 'any party's claim or defense.'"[10] Proportionality is determined by "considering, '(1) the importance of the issues at

---

[8] *See* InfuSystem's Resp. to Pl.'s First Set of Req. for Produc. of Docs. Directed to Def. Infusystem Inc. at 2-3 (ECF No. 30-3).

[9] Fed. R. Civ. P. 26(b)(1).

[10] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) and ruling that the court may still rely on the *Oppenheimer*'s statements regarding relevance).

stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit."[11] However, Rule 26(b)'s proportionality requirement does not alter the burdens placed on the discovering party or the responding party in briefing a motion to compel, and it does not require the parties to address all proportionality considerations in order to have a motion to compel granted or an objection sustained.[12]

Generally, a discovery request is facially objectionable "if the court could tell that the request is overly broad, unduly burdensome, vague or ambiguous, or seeks irrelevant information by doing nothing more than evaluating the plain language of the request."[13] When assessing a relevance objection, the court must also consider the four corners of the pleadings, given that the requested discovery must be relevant to a claim or defense.[14] Here, however, plaintiff's complaint contains no factual allegations or claim related to the alleged damage to the returned pumps. Because it is not readily apparent how this information bears on claims or defenses in this case, plaintiff bears the burden to demonstrate relevance.

Plaintiff states that these requests are related to plaintiff's claims for breach of the APA. Indeed, plaintiff's complaint alleges that under the APA, it is entitled to the return of all pumps, or alternatively, $100 for each pump designated as a "delivered pump." Defendant has now returned the pumps to plaintiff, but plaintiff contends the requested information is still relevant

---

[11] Fed. R. Civ. P. 26(b)(1).

[12] *N.U. v. Wal-Mart Stores, Inc.* No. 15-4885-KHV, 2016 WL 3654759, at *6-*7 (D. Kan. July 8, 2016).

[13] *Id.*

[14] Fed. R. Civ. P. 26(b)(1).

because defendant returned the pumps in a condition not usable for any purpose. Although plaintiff argues that the complaint encompasses this theory, plaintiff fails to cite to the portion of the complaint where this theory appears. Indeed, the paragraphs addressing this issue make no mention of a breach of a duty to return the pumps in the same condition.[15] This is understandable given that defendant returned the pumps after plaintiff filed the complaint. However, plaintiff has never amended its complaint to seek damages stemming from pumps allegedly returned in an unusable condition. If plaintiff seeks discovery regarding the condition of the pumps, it must plead a claim for which this discovery would be relevant. Because the requested discovery does not appear facially relevant to any claim currently pled and because plaintiff has not carried its burden to demonstrate relevance, the court sustains defendant's relevance objection. Defendant need not respond to Request Nos. 6-8.

### C. First Request for Production No. 9

This request seeks documents relating to defendant's effort to obtain assignment-of-benefits forms from patients.[16] Defendant asserts a relevance objection. Again, because the complaint contains no factual allegations regarding the assignment-of-benefits forms and does not appear to assert any claim based on the assignment-of-benefits forms, the requested information does not appear facially relevant. Therefore, plaintiff bears the burden to demonstrate relevance.

---

[15] *See, e,g., Compl.* at ¶ 39 ("Plaintiff also demanded that InfuSystem (1) return to Plaintiff the amounts of all accounts receivable outstanding on and before the Closing Date (July 1, 2016) as required by Section 6.05 of the APA; and (2) return all Pumps listed on Schedule 2.1(a) of the APA, which InfuSystem determined not to designate as Delivered Pumps during the Holdback Period."); *id.* at ¶ 47 (stating that plaintiff had "repeated its demand to be paid the amount of receivables through the Closing and return of all Pumps that InfuSystem had elected not to purchase as Delivered Pumps"); *id.* at ¶ 55 (stating the ways in which defendant allegedly breached the APA but making no mention of a breach stemming from the return of the pumps in a damaged condition).

[16] InfuSystem's Resp. to Pl.'s First Set of Req. for Produc. of Docs. Directed to Def. Infusystem Inc. at 3 (ECF No. 30-3).

In plaintiff's opening memorandum, plaintiff states that this request is one of a number of discovery requests that "seek documents related to Defendant's assimilation of Plaintiff's accounts after the APA was signed, which directly relate to Plaintiff's claims that Defendant has failed to provide a proper accounting of amounts due to Plaintiff under the APA, and has failed to compensate plaintiff as provided under the APA."[17] While the complaint does allege that defendant has breached the APA by failing to provide information and documents to substantiate the amount of receivables due,[18] plaintiff fails to explain how defendant's efforts to obtain assignment-of-benefits forms translates into information necessary to substantiate the amount of receivables due. Although this information might very well bear on plaintiff's alleged inability to calculate receivables due, plaintiff has not connected the dots in this instance.

Plaintiff's explanation of relevance shifts in its reply brief. For the first time, plaintiff asserts that the discovery is relevant to the claims (1) that defendant refused to provide information, reports and documents necessary to transition existing accounts and pump billings and (2) that defendant failed to take actions reasonably required to carry out the provisions and give effect to the transactions contemplated by the APA.[19] The reply brief's explanation of relevance is more compelling. However, defendant did not have an opportunity to respond to this argument because plaintiff did not advance it when it filed its motion to compel. For these reasons, the court denies the motion to compel without prejudice to refiling within twenty-one

---

[17] Mem. of Law in Supp. of Pl. InfusAID LLC's Mot. to Compel the Produc. of Docs. by Def. InfuSystem Inc. at 7 (ECF No. 30).

[18] *See* Compl. at ¶ 55(a), ECF No. 1.

[19] Pl. InfusAID LLC's Reply Brief in Supp. of its Mot. to Compel the Produc. of Docs. by Def. InfuSystem, Inc. at 6, ECF No. 32.

(21) calendar days from the date of this order. The parties are ordered to meaningfully confer about the relevance of this discovery during that period.

### D.  First Request for Production No. 10

This request seeks all communication between plaintiff and defendant "referring or relating to the conversion of the facilities and patient billings between March 16, 2016, and the end of the Holdback Period."[20] Defendant objected to the discovery request on the ground that plaintiff was seeking documents that were presumably already in its possession. The relevance of the information is not apparent, given that plaintiff would be expected to be in possession of the same information it requests. Moreover, in considering proportionality under Rule 26(b), one of the factors the court evaluates is "the parties' relative access to relevant information." Plaintiff does not suggest that its own records may be incomplete or offer any other facts demonstrating why it requires defendant to produce this correspondence. Because of this, the court finds that the information sought does not appear facially relevant or proportional, and plaintiff has not carried its burden to demonstrate relevance. Defendant's objection is sustained. It need not respond to Request No. 10.

### E.  First Request for Production Nos. 11-13

These requests seek documents evidencing the conversion of plaintiff's accounts to defendant's EXPRESS paperless record-keeping and billing system, including documents evidencing the use of iPads to enter documents and documents evidencing the inputting of patient treatments and pump billings. Defendant asserts that the discovery requests are overly broad because they encompass irrelevant information. Defendant contends that requesting all of the granular data in EXPRESS would result in production of patient information and billings

---

[20] InfuSystem's Resp. to Pl.'s First Set of Req. for Produc. of Docs. Directed to Def. Infusystem Inc. at 4 (ECF No. 30-3).

from the Closing to the present—information that has no bearing on this case. In its reply brief, plaintiff fails to address this argument and instead mischaracterizes defendant's position as objecting that the requests are "not capable of being answered." Because neither side disputes that the requests encompass some relevant information and because neither side disputes that the requests also encompass irrelevant information, the court denies the motion to compel without prejudice to refiling within twenty-one (21) calendar days from the date of this order. The parties, and not the court, are in the best position to narrow these requests to minimize production of irrelevant information, and they should be capable of doing so. The court orders them to meaningfully confer to narrow the scope of these discovery requests.

### F. Costs & Fees

Fed. R. Civ. P. 37(a)(5)(B) provides that when a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both, to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." The court must not award expenses, however, if the motion was substantially justified or if other circumstances make an award unjust.[21]

The court finds that an award of expenses is not appropriate in this instance. For one, Fed. R. Civ. P. 37(a)(5)(B) does not speak to situations in which the denial of a motion to compel involves the denial without prejudice to refiling as to several requests. As to at least Request Nos. 11-13, both parties should have made more serious efforts to resolve their disputes prior to the court becoming involved. Moreover, the undersigned is troubled by the parties' contradictory statements about their planning meeting discussions regarding ESI production. Quite simply,

---

[21] Fed. R. Civ. P. 37(a)(5)(B).

both positions cannot be true, but there is not a sufficient record upon which the court could determine the accuracy of the representations made in the briefs.

The court will deny any future motions to compel filed before meaningfully conferring with the opposing party. The parties are further cautioned that any suspected misrepresentations knowingly made will likely result in an evidentiary hearing before the court and the imposition of sanctions against the attorneys responsible.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff InfusAID LLC's Motion to Compel the Production of Documents by Defendant InfuSystem Inc. (ECF No. 29) is denied as moot as to First Request Nos. 1-5 and Second Request Nos. 1-2; denied without prejudice to refiling as to First Request Nos. 9 and 11-13; and denied as to all other requests.

**IT IS SO ORDERED.**

Dated February 2, 2018, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge